**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

CARMEN MARIANA VACA
VELAZQUEZ,

   Petitioner,

 v.

PAMELA BONDI, Attorney General,

   Respondent.

No. 24-4901

Agency No.
A075-709-635

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025[**]

Before:  CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

 Carmen Mariana Vaca Velazquez, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Vaca Velazquez's twelfth motion as number-barred and untimely where petitioner did not show that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(7)(A) (only one motion to reopen allowed), (c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order); 8 C.F.R. § 1003.2(c)(3) (exceptions).

To the extent Vaca Velazquez contends the BIA should have reopened proceedings sua sponte, we have jurisdiction to review this discretionary determination only for legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error underlying the BIA's decision as Vaca Velazquez's due process and equal protection challenges lack merit. *See id.* at 1238 ("[O]ur review for legal or constitutional error . . . does not encompass alleged inconsistencies between the BIA's grants or denials of discretionary relief."); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Vaca Velazquez's contentions regarding the severance of her case and relief other than cancellation of removal and adjustment of status are not properly before

the court because she did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional); *Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

We do not consider the materials Vaca Velazquez attaches to the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc). The government's motion to strike and alternative motion to take judicial notice (Docket Entry No. 17) are unnecessary.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**